United States District Court
Southern District of Texas
FILED

FEB 2 4 2004

Michael N. Milby
Clerk of Court

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

ABELARDO GARCIA-SUAREZ,              )
                                     )
v.                                   )
                                     )
TOM RIDGE, SECRETARY, DEPARTMENT OF  )        B-04-034
  HOMELAND SECURITY, and             )
THE UNITED STATES OF AMERICA.        )
                                     )
—————————————————————————————————————)

### PETITION FOR WRIT OF HABEAS CORPUS

Abelardo Garcia-Suarez, by and through the undersigned, files the
instant Petition for Writ of Habeas Corpus, under 28 U.S.C. §2241,
and *INS v. St. Cyr,* 121 S.Ct. 2271 (2001).

### I.   JURISDICTION AND VENUE

1.  Petitioner Abelardo Garcia-Suarez is under an administratively
final order of removal, (Petitioner's Exhibit A, incorporated by
reference), which order places significant restrictions on his
liberty not shared by the populace at large, within the meaning of
*Jones v. Cunningham,* 371 U.S. 236,240 (1963).

2.  Respondent Ridge maintains offices, and Petitioner's removal
proceedings were conducted, in Harlingen, Texas.

### II.   THE PARTIES

3.  Abelardo Garcia is a 31 year old native and citizen of Mexico.
He became a lawful permanent resident on or about May 25, 1979,
shortly before his seventh birthday, and has resided continuously
in this country since then.  He has extensive family ties in the
United States, including his parents, and minor son.

4.   Respondent Tom Ridge is sued in his official capacity as
Secretary of the Department of Homeland Security, an administrative
agency of the Respondent United States of America.

### III.   THE FACTS

5. On or about March 13, 1998, Mr. Sanchez was convicted, and placed under probation, in connection with a charge of (simple) possession of marijuana.   At the time of his plea, simple possession of marijuana was not considered an aggravated felony, and he was eligible for relief from removal, in the form of cancellation of removal. *See, Matter of L-G-,* 21 I&N Dec. 89 (BIA 1995).  He relied on this fact in deciding to plead guilty to the offense.  As a result, an NTA was issued on August 21, 1998.

6.   On December 4, 1997, the Fifth Circuit decided *U.S. v. Hinojosa-Lopez,* 130 F.3d 691 (5th Cir. 1997), holding that for purposes of the Sentencing Guidelines, a state felony for simple drug possession constitutes an "aggravated felony."   Two years later, the BIA issued *Matter of K-V-D-,* 22 I&N Dec. 1163 (BIA 1999), reaffirming its conclusions in *L-G-*.   Following *Aguirre v. INS,* 79 F.3d 315 (2d Cir. 1996), the Board concluded that the term "aggravated felony" could have different meanings in the context of immigration law and the Sentencing Guidelines, and held that, notwithstanding *Hinojosa-Lopez,* simple possession of marijuana would not be considered an aggravated felony for immigration purposes, regardless of the manner in which it was treated by the state authorities.

7.   On February 6, 2001, Mr. Garcia fee-paid an application for cancellation of removal, pursuant to 8 U.S.C. §1229b(a).

8.  Shortly thereafter, the Fifth Circuit issued *U.S. v. Hernandez-Avalos,* 251 F.3d 505 (5th Cir. 2001), criticizing *Matter of K-V-D-*. As a result, the Immigration Judge pretermitted his application for cancellation of removal, and ordered his removal.   Mr. Garcia appealed to the BIA.  He urged that said criticism was *dicta*, and that the Judge erred in concluding that it was mandated to apply it

2

in the 5th Circuit. [1]   Nonetheless, on January 28, 2004, the BIA dismissed his appeal.   Exhibit A.

9.   On information and belief, Mr. Garcia asserts that a significant number of long-term LPRs who were otherwise similarly situated, in that during the same general time frame, they pled

---

[1]   As stated by the Court in *Hernandez-Avalos, id.* at 509 (footnote in original) (emphasis added):

> However, **if we were reviewing Hernandez's removal order** on direct appeal, **and if the issue of statutory interpretation were properly preserved for review,** we would hold that the BIA's interpretation of section 924(c) is plainly incorrect and that Hernandez was an aggravated felon.   We see no reason why the procedural posture of this case requires us to hold that it was fundamentally unfair to treat Hernandez as an aggravated felon because he should have the benefit of an agency's erroneous interpretation of applicable law. [FN3]
>
> FN3. **Because the question presented by this appeal relates only to the fundamental fairness of the proceeding, we need not consider Hernandez's argument that we must defer to the BIA's interpretation of these general criminal statutes.**   *Cf. Chevron U.S.A. v. Natural Resources Defense Council,* 467 U.S. 837, 842-43 & n. 9, 104 S.Ct. 2778, 2781-82, 81 L.Ed.2d 694 (1984) (citations omitted) ("If the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress.... The judiciary is the final authority on issues of statutory construction and must reject administrative constructions which are contrary to clear congressional intent.   If a court, employing traditional tools of statutory construction, ascertains that Congress had an intention on the precise question at issue, that intention is the law and must be given effect.").

Such "if we were reviewing" and "if the issue of statutory construction were properly preserved" are classic indicia of *dicta*. Similarly, the Court's acknowledgment that it did not consider the possibility of deference further shows that its criticism of *K-V-D-* was *dicta*, and that said decision continues to be binding herein.

guilty to offenses involving simple possession of controlled substances, but were granted cancellation of removal. *See, e.g.,* Petitioner's Exhibit B, incorporated by reference.

10.  While Mr. Garcia's case was pending, there were several other significant developments in the law.  On February 8, 2002, in *Gerbier v. Holmes,* 280 F.3d. 297 (3rd Cir. 2002), the Third Circuit joined the Second Circuit, [2] in holding that a state felony conviction for the offense of simple possession of a controlled substance is **not** an aggravated felony for immigration purposes.  On February 14, 2002, the BIA issued *Matter of Salazar,* Int. Dec. 3462 (BIA 2002), concluding that, in light of *Hernandez-Avalos,* it would not apply *Matter of K-V-D-* in the Fifth Circuit.

11.  Given his lengthy residence in the United States, strong family ties, employment history, and otherwise clean record, it is highly likely that Mr. Garcia would have earned cancellation of removal, had he received the opportunity to apply for said form of discretionary relief.

## V.  THE CAUSES OF ACTION

Petitioner asserts that the deprivation of liberty complained of herein violates the laws and Constitution of the United States, as well as international law and treaty obligations with his native country of Mexico, which claims are cognizable in habeas corpus under 28 U.S.C. §2241.

### 1.  STATUTORY CONSTRUCTION

Mr. Garcia first urges that the Board erred as a matter of law in its conclusion that *U.S. v. Avalos-Hernandez, supra,* controls the resolution of the question of whether his conviction constitutes an

---

[2]  *Aguirre v. INS*, 79 F.3d 315 (2d Cir. 1996).

4

aggravated felony.  The language therein disapproving of *Matter of K-V-D-* was clearly *dicta,* and the Board should not have applied it to Mr. Garcia.  It was not stare decisis for a removal case on direct appeal and thus not binding precedent.  Since the doctrine of judicial retroactivity applies only to similarly situated litigants, and he was not similarly situated to the defendant in *Hernandez-Avalos*, he claims that it does not apply.  To the contrary, Mr. Garcia asserts that the Board correctly decided *Matter of K-V-D-*, and that it erred in not applying said decision herein.  Finally, he urges that his case falls within an exception to judicial retroactivity.

## 2.  EQUAL PROTECTION
### a.  DIFFERING RESULTS IN DIFFERENT JURISDICTIONS

Mr. Garcia also asserts that, given the national character of immigration law, it violates Equal Protection for the result of his case to depend solely on the federal jurisdiction in which it arose, such that, had he been placed in removal proceedings in any jurisdiction other than the Fifth, and most particularly, within the Second or Third Circuit, he would have been held to qualify for cancellation of removal, which relief, he urges, he would have earned in the exercise of discretion.

### c.  DIFFERING RESULTS BASED ON TIMING OF THE PROCEEDINGS

Had Mr. Garcia's case been heard between March 3, 1999, and May 11, 2001, (after *Matter of Roldan*, and before *Hernandez-Avalos*), he would have been subject to removal but eligible for relief, which he would have most probably earned in the exercise of discretion. It violates Equal Protection for the difference between remaining in the U.S. as a lawful permanent resident, and being removed, and permanently barred from returning lawfully, to be based solely on the timing of the proceedings.

5

### 3.  SUBSTANTIVE DUE PROCESS

As a permanent resident, Mr. Garcia has a fundamental liberty
interest in being able to live and work in the United States, and
in remaining here with his family. *See,* Dissenting Opinion of Board
Member Rosenberg, *Salazar-Regino, supra* at 238. *See also, Landon v.
Plasencia,* 459 U.S. 21,34 (1982), citing *Bridges v. Wixon,* 326 U.S.
326 U.S. 135,154 (1945); *Moore v. City of East Cleveland*, 431 U.S.
494,499 (1977), and *Stanley v. Illinois*, 405 U.S. 645, 651 (1972):

> Plasencia's interest here is, without question, a weighty
> one.  She stands to lose the right "to stay and live and
> work in this land of freedom," ...  Further, she may lose
> the right to rejoin her immediate family, a right that
> ranks high among the interests of the individual. ...

*Moore* and *Stanley* are both fundamental rights cases, involving
family relationships. *Stanley* struck down a conclusive presumption,
similar to that involved herein, and *Moore* simply concluded that
the interest advanced by the State was insufficient to justify the
particular intrusion into the family unit.  As a lawful permanent
resident, Mr. Garcia enjoys the same Due Process rights, including
substantive Due Process rights, to develop and enjoy intimate
family relationships in the United States.

Mr. Garcia asserts that the combination of provisions enacted by
IIRIRA, 8 U.S.C. §1101(a)(48)(A), together with the repeal of
§212(c) of the Act, and its replacement with 8 U.S.C. §1229b(a),
which contains an absolute prohibition on granting discretionary
relief to anyone convicted of an "aggravated felony," and the
overly expansive definition of what constitute such "aggravated
felonies," constitutes an unconstitutional "conclusive presumption"
that all LPRs who have been convicted of any offense in that list
are unworthy of being able to stay with their families in the

6

United States, even where the State has deemed it appropriate to grant rehabilitative treatment to a first time offender. Similarly, by failing to permit any showing of countervailing equities, these provisions are unjustifiable, as they are not sufficiently narrowly tailored to meet a compelling state interest.

### 4. PROCEDURAL DUE PROCESS

Mr. Garcia also asserts that the Board's decision deprives him of Procedural Due Process, as seen by another series of Supreme Court cases, involving "fair notice." To apply *Matter of Roldan* and *U.S. v. Hernandez-Avalos* to Mr. Garcia retroactively converts a disposition which, at the time of his plea bargain, rendered him subject to removal, but eligible for relief, into one which requires mandatory deportation. Although not "punishment" for a criminal offense, deportation has long been recognized as a "penalty." *See, Reno v. American-Arab Anti Discrimination Committee,* 525 U.S. 471, 497-98 (1999), Justice Ginsberg, concurring in Part I and the result:

> As this Court has long recognized, "[t]hat deportation is a penalty - at times a most serious one - cannot be doubted." *Bridges,* 326 U.S., at 154, 65 S.Ct. 1443; see also *ibid.* (Deportation places "the liberty of an individual ... at stake.... Though deportation is not technically a criminal proceeding, it visits a great hardship on the individual and deprives him of the right to stay and live and work in this land of freedom.")

Deportation then becomes an additional penalty, retroactively attached to the "criminal offense," not by any amendment to the statute, but by virtue of changed administrative and judicial interpretations thereof.

Therefore, §1101(a)(48)(A), as interpreted and applied herein, is unconstitutional in that it retroactively makes qualitative changes

in the penalty imposed, in a wholly unexpected manner. *See,* Nancy
Morawetz, "Rethinking Retroactive Deportation Laws and the Due
Process Clause," NYU Law Rev., Vol 73, No. 1, April 1998.    *See
also, Arce v. Walker*, 139 F.3d 329,333-34 (2nd Cir. 1998):

> [T]he Due Process Clause protects against restraints or
> conditions of confinement that "exceed[ ] the sentence in
> ... an unexpected manner." *Sandin,* 515 U.S. at 484, 115
> S.Ct. at 2300; *see id.* at 479 n. 4, 115 S.Ct. at 2297 n.
> 4 (observing that proscribed conditions of confinement
> must be "qualitatively different from the punishment
> characteristically suffered by a person convicted of
> crime, and [have] stigmatizing consequences." (citation
> and internal quotation marks omitted)); *see, e.g., Vitek
> v. Jones,* 445 U.S. 480, 493, 100 S.Ct. 1254, 1264, 63
> L.Ed.2d 552 (1980) (holding that "involuntary commitment
> to a mental hospital is not within the range of
> conditions of confinement to which a prison sentence
> subjects an individual"); *Washington v. Harper,* 494 U.S.
> 210, 221-22, 110 S.Ct. 1028, 1036-37, 108 L.Ed.2d 178
> (1990) (holding that inmate has a liberty interest under
> the Due Process Clause to refuse the involuntary
> administration of psychotropic drugs).

These protections exist even though deportation is a civil penalty,
rather than criminal punishment.    As the Supreme Court recently
held in *BMW of North America v. Gore*, 517 U.S. 559,574 (1996):

> Elementary notions of fairness enshrined in this Court's
> constitutional jurisprudence dictate that a person
> receive fair notice not only of the conduct that will
> subject him to punishment but also of the severity of the
> penalty that a State may impose. FN22
>
> FN22. See *Miller v. Florida,* 482 U.S. 423, 107 S.Ct.
> 2446, 96 L.Ed.2d 351 (1987) (*Ex Post Facto* Clause
> violated by retroactive imposition of revised sentencing
> guidelines that provided longer sentence for defendant's
> crime); *Bouie v. City of Columbia,* 378 U.S. 347, 84
> S.Ct. 1697, 12 L.Ed.2d 894 (1964) (retroactive
> application of new construction of statute violated due

8

process);  *id.,* at 350-355, 84 S.Ct., at 1701-1703
(citing cases);  *Lankford v. Idaho,* 500 U.S. 110, 111
S.Ct. 1723, 114 L.Ed.2d 173 (1991) (due process violated
because defendant and his counsel did not have adequate
notice that judge might impose death sentence).   The
strict constitutional safeguards afforded to criminal
defendants are not applicable to civil cases, but the
basic protection against "judgments without notice"
afforded by the Due Process Clause, *Shaffer v. Heitner,*
433 U.S. 186, 217, 97 S.Ct. 2569, 2587, 53 L.Ed.2d 683
(1977) (STEVENS, J., concurring in judgment), is
implicated by civil *penalties.*

For a lawful permanent resident such as Mr. Garcia, there can be
not question but that deportation is a "civil penalt[y]" imposed as
a result of his criminal "conviction" for possession of marijuana.
It therefore violates Due Process as a retroactive application of
new construction of a statute, as in *Bouie v. City of Columbia,*
*supra*, and because it imposes a "civil penalt[y]" without prior
notice, as in *Shaffer v. Heitner, supra*. And, as in *BNW of North*
*America v. Gore, supra*, it confounds the "[e]lementary notions of
fairness enshrined in this Court's constitutional jurisprudence"
which "dictate that a person receive fair notice not only of the
conduct that will subject him to punishment but also of the
severity of the penalty that a State may impose." [3]

### 5.   INTERNATIONAL LAW AND TREATY OBLIGATIONS

Finally, Mr. Garcia urges that the instant order violates
international law, and treaty obligations between the United States
and Mexico, his country of origin.

---

[3] This is very similar to, and is reinforced by, the "void for
vagueness" analysis of *Jordan v. DeGeorge*, 341 U.S. 223,231 (1951)
(statute relating to deportation would be tested under "void for
vagueness" doctrine, notwithstanding that statute was not criminal
statute, in view of grave nature of deportation).

9

Respectfully Submitted,

Lisa S. Brodyaga, Attorney        Thelma O. Garcia, Attorney
17891 Landrum Park Road           301 E. Madison
San Benito, TX 78586              Harlingen, TX 78550
(956) 421-3226                    (956) 425-3701
(956) 421-3423 (fax)              (956) 428-3731 (fax)
Fed. ID.  1178
Texas Bar 03052800

**VERIFICATION**

I, Lisa S. Brodyaga, hereby certify that I am familiar with
Petitioner's case and that the facts as stated with respect thereto
are true and correct to the best of my knowledge and belief.

_____

**CERTIFICATE OF SERVICE**

I, Lisa S. Brodyaga, certify that a courtesy copy of the foregoing,
with exhibits, was personally delivered to the office of Mark Dowd,
AUSA, in Brownsville, Texas, this 24th day of February, 2004.

_____

10

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

ABELARDO GARCIA-SUAREZ,                    )
                                           )
v.                                         )
                                           )
TOM RIDGE, SECRETARY, DEPARTMENT OF        )
   HOMELAND SECURITY, and                  )
THE UNITED STATES OF AMERICA.              )
_____ )

EXHIBIT "A" IN SUPPORT OF
PETITION FOR WRIT OF HABEAS CORPUS



**U.S. Department of Justice**

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

*5201 Leesburg Pike, Suite 1300*
*Falls Church, Virginia 22041*

RECEIVED FEB 0 2 2004

Garcia, Thelma O.
301 E. Madison,
Harlingen, TX 78550

Office of the District Counsel/HL
P.O. Box 1711
Harlingen, TX 78551

Name: GARCIA-SUAREZ, ABELARDO                A36-585-366

Date of this notice: 01/28/2004

Enclosed is a copy of the Board's decision and order in the above-referenced case.

Sincerely,

Frank Krider
Acting Chief Clerk

Enclosure

Panel Members:
    HOLMES, DAVID B.

**U.S. Department of Justice**                    Decision of the Board of Immigration Appeals
Executive Office for Immigration Review

Falls Church, Virginia 22041

=====================================================================

File:    A36-585-366 - HARLINGEN                    Date:

In re:  GARCIA-SUAREZ, ABELARDO

IN REMOVAL PROCEEDINGS                              [JAN 2 8 2004]

APPEAL

ON BEHALF OF RESPONDENT:  Garcia, Thelma O.

ON BEHALF OF DHS:  Dyann Bernstein, Assistant District Counsel


ORDER:

   PER CURIAM.  We adopt and affirm the decision of the Immigration Judge finding the
respondent ineligible for cancellation of removal because he is an aggravated felon.  *See Matter of
Burbano*, 20 I&N Dec. 872, 874 (BIA 1994) (noting that adoption or affirmance of a decision of an
Immigration Judge, in whole or in part, is "simply a statement that the Board's conclusions upon
review of the record coincide with those the Immigration Judge articulated in his or her decision").
The respondent raises numerous constitutional challenges on appeal.  However, we cannot rule on
the constitutionality of laws enacted by Congress, and therefore decline to address the respondent's
due process contentions.  See, e.g., Matter of Fuentes-Campos, 21 I&N Dec. 905 (BIA 1997); Matter
of C-, 20 I&N Dec. 529 (BIA 1992). Accordingly, the appeal is dismissed.


_____

FOR THE BOARD

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
UNITED STATES IMMIGRATION COURT
Harlington, Texas

File No.:  A 36 585 366                     August 27, 2002

In the Matter of                )
                                )
ABELARDO GARCIA-SUAREZ          )      IN REMOVAL PROCEEDINGS
                                )
                Respondent       )

CHARGE:        Removability, Section 237(a)(2)(A)(iii),
               Immigration Nationality Act - convicted of an
               aggrevated felony; (indiscernible), Section
               101(a)(43)(B), Immigration Nationality Act - to
               wit drug trafficking crime; Section
               237(a)(2)(B)(i), Immigration Nationality Act -
               convicted of a law relating to a controlled
               substance.


APPLICATIONS:  Section 240(A)(a), Immigration Nationality Act -
               cancellation of removal.


ON BEHALF OF RESPONDENT:          ON BEHALF OF SERVICE:

Thelma O. Garcia and              Flores Quares
Lisa Diegas, Attorneys            Assistant District Counsel
301 E. Madison Avenue             Immigration Naturalization
Harlington, Texas  78550          Service
                                  Harlington, Texas  78551


ORAL DECISION OF THE IMMIGRATION JUDGE

     The respondent was placed in removal proceedings with the

issuance of a Notice to Appear dated August 21, 1998.  See

Exhibit no. 1.  Subsequently, the Immigration Service issued an

additional allegation of fact in the form I-261.  See Exhibit no.

5.  Assisted by counsel, the respondent denied all the

allegations in the Notice to Appear and the I-261.  The

1

OCT 1 0 2002

Immigration Service presented Exhibit no. 2 to show identity and alienage and to show that he had been admitted as alleged and now issue number 3. Reviewing Exhibit no. 2, the Court finds that allegations 1, 2, and 3 have been established with evidence that is clear and convincing. Immigration Service presented Exhibit no. 3 and no. 4 to establish that the respondent had been indicted and convicted as alleged in allegation no. 4 for the offense of possession of a controlled substance. Based on Exhibit 3 and 4, allegation no. 4 and the charges for having been convicted of an aggrevated felony and having been convicted of a controlled substance are established with evidence that is clear and convincing.

With reference to allegation number 5, the Immigration Service had presented Exhibit no. 6, which was the felony probation judgement. Exhibit no. 8, negates the effect of allegation no. 5 in that the respondent is granted a petition for writ of error on the nobis, thus erasing any effect that allegation no. 5 could have had on the case.

The Court finds that, based on Exhibits 3 and 4, that the respondent had been convicted had been convicted of a law relating to a controlled substance and that conviction occurred on March 13, 1998. The respondent is removable from the United States for having been convicted of such offense and such offense is an aggrevated felony.

Respondent had tended to the Court an application for

A 36 585 366                    2                    August 27, 2002

cancellation of removal for certain permanent residents.  Since the respondent had been convicted of an aggrevated felony, the respondent is statutorily ineligible for the relief that he seeks.

The respondent at one point during the course of the proceeding had asserted United States citizenship through a relative.  He had filed an N-400 application with the Immigration Service.  He had been given several continuances to dispose of that case.  And it was not ruled in his favor.  The respondent opted not to pursue the matter before the Immigration Court.

The respondent had designated Mexico for removal.  The Court finds that there is no relief available to the respondent in the case, although respondent's counsel had indicated that there were some constitutional issues that need to be reviewed which this Court has no jurisdiction over.

<u>ORDER</u>

IT IS THE ORDER OF THE COURT that the request for cancellation of removal under Section 240(A)(a) is hereby denied in that the respondent is statutorily ineligible for the same because he has been convicted of an aggrevated felony.

IT IS THE ORDER OF THE COURT that the respondent be removed

from the United States to his native country of Mexico.

DATED:    August 27, 2002

_____

DAVID AYALA
Immigration Judge

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

ABELARDO GARCIA-SUAREZ,                    )
                                            )
v.                                          )
                                            )
TOM RIDGE, SECRETARY, DEPARTMENT OF         )
  HOMELAND SECURITY, and                    )
THE UNITED STATES OF AMERICA.               )
_____     )


EXHIBIT "B" IN SUPPORT OF
PETITION FOR WRIT OF HABEAS CORPUS

IMMIGRATION COURT
201 E. JACKSON STREET
HARLINGEN, TX 78550

In the Matter of

Case No.: A36-754-033

ZAVALA-SERRATOS, JOSE ANGEL
     Respondent

IN REMOVAL PROCEEDINGS

RECEIVED
DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR
IMMIGRATION REVIEW

2001 APR -9 P 3 23

BOARD OF
IMMIGRATION APPEALS
OFFICE OF THE CLERK

ORDER OF THE IMMIGRATION JUDGE

This is a summary of the oral decision entered on Mar 26, 2001.
This memorandum is solely for the convenience of the parties. If the
proceedings should be appealed or reopened, the oral decision will become
the official opinion in the case.

[  ] The respondent was ordered removed from the United States to
                                        or in the alternative to

[  ] Respondent's application for voluntary departure was denied and
     respondent was ordered removed to
     alternative to

[  ] Respondent's application for voluntary departure was granted until
          upon posting a bond in the amount of $ _____
     with an alternate order of removal to

[  ] Respondent's application for asylum was (  )granted  (  )denied
     (  )withdrawn.

[  ] Respondent's application for withholding of removal was (  )granted
     (  )denied  (  )withdrawn.

[✓] Respondent's application for cancellation of removal under section
     240A(a) was (✓)granted  (  )denied  (  )withdrawn.

[  ] Respondent's application for cancellation of removal was (  ) granted
     under section 240A(b)(1)   (  ) granted under section 240A(b)(2)
     (  ) denied  (  ) withdrawn. If granted, it was ordered that the
     respondent be issued all appropriate documents necessary to give
     effect to this order.

[  ] Respondent's application for a waiver under section _____ of the INA was
     (  )granted  (  )denied  (  )withdrawn or (  )other.

[  ] Respondent's application for adjustment of status under section _____
     of the INA was (  )granted  (  )denied  (  )withdrawn. If granted, it
     was ordered that respondent be issued all appropriate documents necessary
     to give effect to this order.

[  ] Respondent's status was rescinded under section 246.

[  ] Respondent is admitted to the United States as a _____ until _____.

[  ] As a condition of admission, respondent is to post a $ _____ bond.

[  ] Respondent knowingly filed a frivolous asylum application after proper
     notice.

[  ] Respondent was advised of the limitation on discretionary relief for
     failure to appear as ordered in the Immigration Judge's oral decision.

[✓] Proceedings were terminated.

[  ] Other: _____
     Date: Mar 26, 2001
     Appeal: Waived/Reserved     Appeal Due By: Apr 25, 2001

                                        MARGARET BURKHART
                                        Immigration Judge

CIP

000088

CAUSE NO. 97-CR-351

DEC 15 1997

THE STATE OF TEXAS      *      IN THE DISTRICT COURT

VS.      *      381ST JUDICIAL DISTRICT

JOSE ANGEL ZAVALA      *      STARR COUNTY, TEXAS

## PROBATION JUDGMENT

BE IT REMEMBERED that on this the _____ day of _____, 19___, the above numbered and entitled cause was called for trial, and the State of Texas appeared by her District Attorney, and the Defendant, JOSE ANGEL ZAVALA, appeared in person and by his attorney, JOEL MADRIGAL, and both parties announced ready for trial; and the Defendant and his attorney, in open Court, in person and in writing waived his right to trial by jury, and the District Attorney in writing and in open Court consented and approved the waiver of trial by jury, all of which waivers have been filed with the papers of this cause; and it appearing to the Court that all prerequisites of the law for waiving the right of trial by jury have been performed; therefore, the Court hereby consents and approves the said Defendant's waiver of the right to trial by jury and now enters the same in the minutes of the Court.

WHEREUPON, the Defendant, having been indicted in the above entitled and numbered cause for the felony offense of POSSESSION OF COCAINE, after having , plead guilty to the charge contained in the Indictment. Thereupon, the said Defendant was admonished by the Court of the consequences of said plea, including the maximum and minimum punishments, and the said Defendant persisted in entering said plea; and it plainly appearing to the Court that the Defendant is mentally competent and is uninfluenced in making his plea by any consideration of fear, persuasion, or delusive hope of pardon, parole, or probation prompting him to confess his guilt, the said plea is accepted by the Court and is herenow entered of record upon the minutes of the Court as the plea herein of the said Defendant.

WHEREUPON, the Defendant, having in open Court and in writing, consented to waive the appearance, confrontation, and cross-examination of witnesses and having further consented and agreed to the stipulation of evidence and to the introduction of testimony by affidavits, written statements of witnesses, and any other documentary evidence in support of the accusation against the Defendant and the judgment of the Court, the Court hereby in writing consents and approves such waiver and orders that it be filed with the papers in this cause.

WHEREUPON, the Defendant proceeded to trial before the Court and the State proceeded to introduce evidence into the record of this cause showing the guilt of the Defendant, said evidence being accepted by the Court as the basis for its judgment, and the Court having considered the Indictment, the Defendant's plea thereto, the

evidence submitted, and the argument of counsel thereon, found the Defendant guilty of the felony offense of POSSESSION OF COCAINE, which offense was committed on the 14th day of February, 1997, in Starr County, Texas, and assessed the punishment of confinement in a State jail facility for a term of Two (2) years;

IT IS THEREFORE CONSIDERED, ORDERED AND ADJUDGED by the Court that the Defendant, JOSE ANGEL ZAVALA, is guilty of the felony offense of POSSESSION OF COCAINE, as charged in the Indictment herein, and it is further adjudged by the Court that the Defendant be punished by confinement in a State jail for a term of Two (2) years, and that the State of Texas do have and recover of the said Defendant all costs of the prosecution expanded, for which execution shall issue.

WHEREUPON, the Defendant and his attorney, in open Court and in writing, waived the ten (10) days allowed by law for sentencing and requested the Court to pronounce sentence upon the Defendant at this time, said written waiver being approved by the Court and filed with the papers in this cause.

WHEREUPON, the Defendant having made application in due time and form for probation under the provisions of Article 42.12, Vernon's Texas Code of Criminal Procedure, on his conviction herein, and the Court, after hearing the evidence and argument of counsel on the question of punishment and after due consideration, is of the opinion and so finds, that the Defendant, has never been convicted of a felony in this or any other State, and is otherwise eligible for probation, and is further of the opinion, and so finds, that the ends of justice and the best interest of both the public and the Defendant will be served if the imposition of the sentence in this cause be suspended and the Defendant be placed on probation under the supervision of the Court.

IT IS THEREFORE ORDERED, by the Court that the imposition of the sentence in this cause be and the same is hereby suspended during good behavior of the Defendant, and that the Defendant, JOSE ANGEL ZAVALA, be and he is hereby placed on probation for a term of Five (5) years, beginning on this date under the supervision of the Court and the duly appointed and acting adult probation officer of Starr County, Texas, who is hereby appointed to supervise this probation, subject to the following terms and conditions of probation, viz:

That during the term of the probation, the Defendant, hereinafter referred to as "Probationer", shall:

1. Obey all orders of the Court and all rules and regulations of the Community Supervision and Corrections Department;

2. Commit no offense against the laws of this or any other State or of the United States;

3.    Avoid injurious or vicious habits including, but not limited to, the consumption of alcohol in any form, at any time, public fighting, disorderly conduct and the use of illegal or addictive drugs or controlled substances;

4.    Avoid places of disreputable or harmful character including, but not limited to, bars, taverns, beer joints, or any premises licensed by the State of Texas for the sale and consumption of alcoholic beverages, places where a criminal act is being committed, and places where dangerous drugs or controlled substances are illegally possessed, sold or used.

5.    Avoid persons of disreputable or harmful character including, but not limited to, persons who illegally possess, sell or use controlled substances or dangerous drugs, or persons previously convicted of a felony;

6.    Work faithfully at suitable employment in a lawful occupation or, if unemployed, actively seek employment;

7.    Support his dependents; if any, and obey any Court orders regarding payment of child support;

8.    Report to the probation officer at the Community Supervision and Corrections Department in Starr County, Texas or in any county to which the Defendant's supervision is transferred, between the 1st and 10th day of each month during the probationary period beginning in the month next following the entry of this judgment. If the Defendant is deported and does not re-enter or remain in the United States, he may report by mail;

9.    Give the probation officer his current physical and mailing address, place of employment and any other information requested by the probation officer in order to supervise the Probationer;

10.    Inform the probation officer, in person or by letter, of any arrest, or change in place of residence, marital status, or employment within five (5) days after such change;

11.    Permit the probation officer to visit Probationer at his home, place of employment, or elsewhere at any and all times in order to supervise the probation;

12.    Report to the probation officer upon request, the sources, nature and amounts of all income or money received by Probationer, including copies of all W-2 forms and income tax returns;

13.    Remain within Starr County, Texas, or any county to which Defendant's supervision has been transferred, unless he shall have first secured the written consent of this Court or the said probation officer for him to leave the said county. This

condition is waived if Defendant is deported and does not re-enter or remain in the United States;

14. Observe a curfew and must be at home before 10:00 p.m. each night, and shall not leave such home or place of residence between 10:00 p.m. and 5:00 a.m. unless he has first obtained permission from this Court or from his probation officer;

15. Submit a copy of his fingerprints to the Sheriff's Department of Starr County, Texas, or the Community Supervision and Corrections Department;

16. Not purchase, possess, use, transport, or carry on or about his person any firearm, illegal weapon, or any knife with a blade longer than 3 1/2 inches.

17. Report to the county jail for N/A consecutive weekends, beginning the N/A and remain there in custody each weekend, from 6:00 p.m. Friday until 6:00 p.m. Sunday;

18. Pay all court costs INSTANTER. The Court orders the Defendant to pay all court costs on or before the _____ day of _____, 19_____.

19. Pay a supervisory probationary fee of $40.00 per month to the probation office, between the 1st and 10th day of each month during the probationary period. This condition is waived if Defendant is deported and does not re-enter or remain in the United States;

20. Make restitution to N/A in the sum of -0-, payable as follows:    At the rate of N/A per month commencing on N/A and continuing at the same rate until the full amount is paid;

21. Pay a fine of $900.00, payable as follows:  At the rate of $ _/5.00_ , per month, commencing on __/2/25/9>__ and continuing at the same rate until the full amount is paid;

22. Reimburse the county for compensation paid to appointed counsel for defending him in this case, in the amount of_____ payable as follows: At the rate of _____ per month commencing on _____ and continuing at the same rate until the full amount is paid;

23. File with the probation officer, at the probation office, between the 1st and 10th day of every month next following a default in any payment required of Probationer by this judgment, a detailed statement, in writing and under oath, of all income and expenses received and expended by the Probationer during the entire month in which the default occurred;

24. File with the probation officer, at the probation office, between the 1st and 10th day of every month next following a calendar month in which Probationer was gainfully employed less than 150 hours, a detailed statement, in writing and under oath, of all efforts made by Probationer to secure and hold employment during the entire month in which he was not gainfully employed 150 hours;

25. Submit to testing for control substances (urinalysis) at your own expense as directed by your Community Supervision and Corrections Officer.

26. Participate in the following community based or rehabilitation program, to-wit:_____.

27. If the Defendant is to be deported the Defendant shall not be required to report in person. If the Defendant returns to the United States under any circumstances he is ordered to report to the Starr County Probation Department immediately upon his return.

In addition to the above conditions of probation, Defendant is further ordered by the Court to abide by the following special conditions of probation checked below:

_____ 28. Defendant is assigned to intensive supervision for one (1) year or until the level of supervision is changed by the Court or the probation officer;

XX 29. Attend counseling sessions for substance abusers in a program approved and licensed by the Texas Commission of Alcohol and Drug Abuse;

_____ 30. Participate in substance abuse treatment services in a program or facility approved and licensed by the Texas Commission of Alcohol and Drug Abuse;

_____ 31. Remain under custodial supervision in the following community based facility, to-wit: _____, obeying all rules and regulations of such facility, and paying a percentage of his income to the facility for room and board;

_____ 32. Participate in a program at the direction of the probation officer that teaches functional illiterate persons to read;

XX 33. Obtain a General Equivalency Diploma (GED) within one (1) year from the date of this judgment;

XX 34. Perform 175 hours of community service under the direction of the probation officer. In lieu of such community service, Defendant may make a donation to an approved charity or non-profit organization in

the amount of -0-.

_XX_ 35. Make reimbursement to the Texas Department of Public Safety for analysis and storage of controlled substances, in the amount of $140.00.

_XX_ 36. Make reimbursement to the Starr County Community Supervision and Corrections Department for the Pre-Sentence Investigation Report, in the amount of $50.00.

_____ 37. Pursuant to Article 42.12 C.C.P., Section 14, the Court finds: (1) this Defendant has been placed on community supervision under this Article; (2) the Defendant is charged with or convicted of a felony other than a felony under Sec. 21.01, 22.011, 22.021 or 25.06 of the Penal Code; and (3) the Court affirmatively finds that (a) drugs or alcohol abuse significantly contributed to the commission of the crime or violation of community supervision and (b) the Defendant is a suitable candidate for treatment, as determined by the suitability criteria established by the Texas Board of Criminal Justice under Section 493.009(b) of the Government Code.

As a condition of community supervision, the Defendant is required to serve a term of confinement and treatment in a substance abuse treatment facility under this section for a term of not less than 6 months or more than 1 year, and upon release the Defendant is required to participate in a drug or alcohol abuse continuum of care.

All payments required of the Probationer by this judgment shall be paid within the times specified, at the probation office to the probation officer, for which Probationer shall receive a receipt evidencing payment.

You are hereby advised that under the laws of this State, the Court shall determine the terms and conditions of your probation, and may at any time during the period of probation alter, or modify, the conditions of your probation. The Court also has the authority at any time during the period of your probation to revoke your probation for violation of any of the conditions set out above.

The District Clerk shall deliver to Probationer a copy of this judgment containing the terms and conditions of probation, and the date of delivery of such Order shall be noted on the Docket Sheet.

SIGNED AND ENTERED this the 15 day of _____, 19 97.

JOHN A. POPE, III
DISTRICT JUDGE
381ST JUDICIAL DISTRICT COURT
STARR COUNTY, TEXAS

I have received a copy of this Order and fully understand each of the terms and conditions imposed.

DATE:_____

JOSE ANGEL ZAVALA
PROBATIONER

A certified copy of the Probation Judgment in this cause was delivered to Probationer on the _____ day of _____ A.D. 19_____.

_____
DISTRICT CLERK


_____        _____
RIGHT INDEX                    LEFT INDEX
RIGHT THUMBPRINT               LEFT THUMBPRINT


RECORDED IN VOLUME J PAGE: 241-269

DATE 1-26-98
A true copy I certify
JUAN ERASMO SAENZ
District Clerk, Starr County, Texas
By _____ Deputy